LADDIE E. SLOVAK .V. STATE.

No. 26,242. February 4, 1953.
Rehearing Denied March 18, 1953.

384

*M. Gabriel Nahas, Jr.*, Houston, for appellant.

*William H. Scott*, Criminal District Attorney, *King C. Haynie*, Assistant Criminal District Attorney, Houston, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault on a female; the punishment, one year in jail and a fine of $1,000.00.

The prosecuting witness, a girl aged fourteen, testified that on the night in question she and three other girls were walking from her home to the home of her aunt in Jacinto City; that a man in an automobile drove up to them and asked if they wanted to ride, stating that he would take them anywhere they wanted to go, which offer the girls declined. The witness stated that when they got to her aunt's home they reported what had occurred. The witness further testified that some short while thereafter, it then being 8:30 in the evening, she started home by herself and was again accosted by the same man in the same automobile; that he told her that he was a constable and wanted to question her about being out so late at night. The witness stated that she questioned his being an officer, and he took a card out of his pocket; but she was unable to read it, and, thinking him to be what he represented himself to be, she got in the car with him and asked to be taken home so that her mother might explain her presence on the street. The witness recounted that instead of taking her home the man drove off in another direction, and told her to shut up when she began to cry; that after driving some distance the man began to talk to her about intercourse and told her to move over closer to him. The witness said that when she refused to do so he grabbed

her arms; she hit his arm away and jumped from the moving automobile. The witness stated that she did not remember anything that occurred following her leap from the automobile until the next afternoon when she woke up in a local hospital, and that some time thereafter she identified appellant in a lineup of five men as being the man who had assaulted her.

The witness Lloyd testified that on the night in question the injured party staggered up to his place of business, which was situated in another part of the city from where the prosecutrix lived; that he observed her bruised and bloody condition, the incoherence of her speech, and her dazed appearance, and called the police.

Becky Hesse, aged seven, testified that she had gone with her parents to appellant's place of business prior to the night in question and had seen him there; that as she and the other girls were going home the appellant, whom she recognized, stopped and asked them if they wanted to ride, and that they had declined. She testified further that, following the night in question, at the suggestion of the officers, she had returned to appellant's place of business and verified her opinion that he was the man who had asked them to ride with him.

Marcie Hesse gave substantially the same testimony as her sister.

Officer Wingo testified that in the course of his investigation of this offense he arranged a lineup of five men, including the appellant, each of them being of approximately the same size and dressed similarly to appellant, and that the prosecutrix had picked out the appellant from this lineup without hesitation.

The appellant, testifying in his own behalf, stated that he and his family were at a drive-in theatre at the time the instant offense was alleged to have occurred. In this, he was supported by the testimony of his wife.

A neighbor of the appellant testified that she saw him pass her house with his family between 6:30 and 7:00 o'clock on the night in question.

We have carefully reviewed the record in the light of appellant's contention that the evidence is insufficient to support the conviction because of what he denominates the inherent

unreliability of the testimony of the three girls as to appellant's identity, but we are unable to bring ourselves to agree with him. Prosecutrix's testimony is clear and unequivocal, and she acquitted herself well on cross-examination.

Appellant complains of the overruling of his plea of former jeopardy.

It appears therefrom that he was, before the instant trial, tried and convicted for the same offense under an indictment. It is further shown, however, that the trial court granted appellant's motion for new trial on the grounds that the proof had not supported the indictment as drawn, and that following this an information was filed charging the same offense in different phraseology, and that the instant prosecution was had upon such information. The doctrine of former jeopardy does not apply to such a situation.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant complains in his motion for rehearing herein because of the "inherent unreliability" of the testimony of the three young girls as to the appellant's identity.

It was shown by the testimony of the little girl who was the complainant in this matter that appellant accosted her and her two companions and invited them to get into the car with him, which they refused to do. She positively identified him as the man who afterwards told her that he was a constable; that she had no right to be out on the street at that time, and told her to get in his car; that she did so under the impression, so she said, that he was an officer and that he had a right to tell her what to do. She testified very clearly in the matter that she was fourteen years of age at the time. She told about the assault made upon her by the appellant and described her condition immediately after the assault as testified to by the other witnesses. There were two smaller girls with her at the time that appellant first accosted them and these two girls also identified appellant as the man who attempted to get them into his car to ride with him at their first meeting. The injured girl was in the ninth grade at school and evidently was clear in her mind

as to the identity of the appellant. We see no "inherent unreliability" in her testimony as detailed before the jury. We find no confusion shown in her statements on the trial. She also definitely identified appellant in the line-up of five men presented before her, and all three witnesses finally identified him as the person who attempted to get them into his automobile at his first contact with them. Under the circumstances, we do not feel disposed to say that we find any unreliability in the state's testimony.

We think the matters were properly disposed of in our original opinion, and the motion for rehearing is therefore overruled.